CHARLES WEINGÆRTNER *et al.*

*v.*

MELCHIOR PABST *et al.*

*Filed at Mt. Vernon January 25, 1886.*

1. SPECIFIC PERFORMANCE—*necessity of performance to entitle one to relief.* The owner of land, being old and infirm, made a contract with his daughter and son-in-law, that if they would come and reside with him, maintain and support him and his wife during their lives, and improve the land, he would, by his will, devise the same to them, upon condition the son-in-law should, within two years after the death of the father-in-law, or that of

his-wife, in case she should survive him, pay each of his other children a certain sum, but instead thereof, the owner devised the land to his other children: *Held*, that the son-in-law was not entitled to a specific performance against·the devisees without paying the other children the sums so secured to them by the contract.

2. So a contract for the sale or transfer of land by will, to a party, in consideration that such party would support the vendor or testator and his wife for and during their respective lives, will not be specifically enforced when such party refused to perform his undertaking to support the vendor and his wife. The party seeking specific performance of a contract for the conveyance of land must have performed his part of it. If he refuses or neglects to do so he can not compel specific performance of it.

3. WITNESS—*competency of party.* A party agreed with his son-in-law and daughter to leave them his farm, by will, if they would improve the same and support the owner and his wife during their several lives. The daughter died, and.the son-in-law being desirous of taking another 'wife, refused to keep the owner and his wife, who were old and infirm, and they left, and lived with their other children, and the owner devised his land to the latter. The son-in-law and the heirs of his deceased wife filed a bill against the devisees to enforce the specific performance of the contract: *Held*, that the defendants were competent witnesses as against the son-inlaw, and it was error to wholly disregard their testimony in the case.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

Mr. E. P. SLATE, for the appellants.

Messrs. WINKELMAN & RICKERT, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case is for specific performance, and was originally brought by Melchior Pabst, against the widow and heirs at law of John D. C. Weingærtner, deceased. Afterwards the bill, by leave of court, was amended so as to make the children of the original complainant, by his wife, Dorothea, since deceased, complainants with himself. In the amended bill it is alleged that John D. C. Weingærtner, since deceased, was the owner of the real estate in controversy, and that some time in the year 1871, decedent, who then re-

sided on the premises with his wife, Dorothea, being anxious to establish a permanent home for himself and wife, both of whom, it is alleged, were old and feeble in health, requested the original complainant, Melchior Pabst, who was then their son-in-law, having before that time married their daughter, and his wife, Dorothea, to take possession of the premises, consisting of forty acres,—only a portion of which had been cleared and made fit for cultivation,—and improve the same, and support decedent and his wife "for and during the balance of their days," and that prior to his death, he, the said John D. C. Weingærtner, "would give and bequeath to said Melchior Pabst and Dorothea Pabst the said forty acres of land described, * * * with the further condition, that after the death of the survivor of them, (the said John D. C. Weingærtner, and Dorothea Weingærtner, his wife,) the said Melchior Pabst should pay the further sum of $——— two years after the death of said survivor of them," to each child of decedent's children a certain sum mentioned. It is then alleged that afterwards, on the 29th day of December, 1871, to assure complainants of the sincerity of his promises to them, decedent, in "what purported to be his last will and testament, reduced said promises and bequests to writing, and that thereupon complainant, by virtue of said provision in writing so made by the said John D. C. Weingærtner, * * * the said Melchior Pabst, and Dorothea, his wife, did, on or about the 29th day of December, 1871, enter into and take possession of said forty acres of land, and cleared about twenty acres of said land, fencing the same, built a granary thereon, and made and dug a well on said premises, built a smoke-house, and made many other improvements." It is also alleged that on the 29th day of December, 1871, decedent made, published and declared his last will and testament in writing, to be in accordance with the promises made and entered into with the original complainant, Melchior Pabst, by which he gave the land in controversy to his wife, Dorothea,

during her natural life, and after her death, to his son-in-law, Melchior Pabst, and his wife, Dorothea Pabst, on condition they would pay to the other children of decedent certain sums of money within two years after his death, or within that time after the death of his wife, in case she should survive him. A copy of this paper is made an exhibit to the bill, and in that way is made part of it. It is also alleged that "under and by virtue of the premises," and "according to the provisions of his said last will and testament," decedent, and his wife, Dorothea, remained with the family of Melchior Pabst from the year 1871 to on or about the 20th day of August, 1882, "when, by the solicitations and inducements of his other children, he, and his wife, Dorothea, without any cause given them" by complainants, "moved to St. Louis, * * * to live with them, his said children, and continued to live there until the death of" John D. C. Weingærtner, which occurred in the latter part of 1882. By way of performance on the part of complainant, it is alleged that since the autumn of 1871 to the present time, Melchior Pabst and Dorothea Pabst, and since her death, in the year 1881, her heirs-at-law, have been and still are in the undisturbed and peaceful possession of the forty acres of land, and that the whole time decedent and his wife so lived with them they treated them kindly, furnished them medicines and paid large doctor bills for them, particularly for decedent, "who was for and during the last several years blind, very feeble, and in failing health." After decedent and his wife left complainant's house and moved to St. Louis, it is charged John D. C. Weingærtner died testate; that in and by his last will and testament, by him made at the request and under the influence of his children, he devised the land to defendants in this suit, subject to a life estate in his wife, Dorothea. That will was admitted to probate, and a copy of which is attached to and made a part of the bill. Although requested so to do by complainants in consideration of the premises, defendants

have refused to convey the land to them, and to compel them to do so this bill was brought. The answers were not under oath, and they simply put in issue the principal allegations of the bill.

On the final hearing of the cause, the court found that John D. C. Weingærtner, in his lifetime, was the owner of the land, and that on the 5th day of October, 1871, he "bargained with and sold said tract of land to the complainant, Melchior Pabst, and his then wife, Dorothea Pabst, for and in consideration that said Melchior Pabst and Dorothea, his wife, (would) then and there (take) possession of said land, occupy the same, make valuable improvements thereon, improve and put the land in cultivation, and support and maintain said John D. C. Weingærtner and his wife during their natural life." The court further found "that in compliance with said bargain and sale, said Melchior Pabst and Dorothea, his wife, then and there entered upon said land, took full and complete possession of, made lasting and valuable improvements thereon, put said land in cultivation, supported and maintained said John D. C. Weingærtner and Dorothea, his wife, from the day and year last aforesaid until some time in the year 1882, when the said John D. C. Weingærtner and his wife willfully, and without cause therefor on the part of Melchior Pabst and his wife, Dorothea, left the residence of said Melchior Pabst, and moved to St. Louis." Other matters were found by the court as facts established by the evidence, but it will not be necessary to state them in order to an understanding of the decision to be rendered. The court decreed that defendants, except the widow, Dorothea Weingærtner, should, within a short period stated, convey their interest in the tract of land in controversy to complainants in the amended bill, and that they pay the costs of this suit.

There is one reason that is conclusive why the present decree can not stand. If it shall be conceded complainants made any such contract as that alleged in their bill, and that

such a contract is valid in law, it was upon condition of paying to the other heirs of decedent certain sums of money within two years after his death, or that of his wife, in case she should survive him. Certainly defendants can not, in any event, be required to surrender the title that vested in them, unless the sums due to them as a part of the alleged purchase money under the alleged contract were secured to them on the land itself. That was not done by the decree, and in that respect it was plainly erroneous.

But the reversal of the decree may be placed on the broad ground that under the facts appearing in this record, complainants are entitled to no relief whatever. Construing the evidence most favorably for complainants, the contract was that complainants should "support the said John D. C. Weingærtner and Dorothea Weingærtner, his father-in-law and his mother-in-law, for and during the balance of their days." This complainants did not do. Prior to the death of Dorothea Pabst, the father and mother were supported by, and no doubt kindly treated by, complainant and his wife; but after the death of his wife, Melchior Pabst wished to marry again, and that he thought he could not do while his father-in-law and mother-in-law, both of whom were advanced in life and had become infirm, remained in his family. Accordingly he wrote to his brother-in-law and sister-in-law at St. Louis, explaining to them his situation, and wished them to adopt some measures to relieve him of the burden of longer taking care of and supporting their father and mother. That letter is in evidence, and shows a clear refusal to further comply with his contract as he alleges it was made. Soon after receiving this letter, the daughter residing in St. Louis came and took her father and mother home with her, and since then neither of them ever lived with complainant. Shortly thereafter the father died in St. Louis, but it seems the mother is still living. Having refused to further perform the contract, there is no principle on which complainant can now compel a specific

27—115 ILL.

performance of it. In no event could complainant have relief unless he proved a substantial compliance with the alleged contract, and that he has not done. On this branch of the case the testimony of Lena Jungle and other defendants, heard by the court, and which it decided to "disregard," was important, and should have been considered. The objection taken is the witnesses were incompetent under the statute, because some of complainants prosecuted the suit as heirs-at-law of their deceased mother, Dorothea Pabst. Conceding, as may be done, the correctness of the position taken, the testimony offered was admissible as against Melchior Pabst, the principal complainant, and as to him it should not have been disregarded. This evidence shows very conclusively complainant Melchior Pabst did not then understand he had any contract with decedent that he was obligated to perform, for after his removal to St. Louis, complainant bargained with him for the land, but his death occurred before the contract was consummated.

But disregarding, as the circuit court did, all the testimony offered and given for defendant, no case is made by the evidence that would warrant a decree for a specific performance of the alleged contract in favor of any of the complainants. Whether the alleged contract was valid in law or not, it is proved past all doubt from complainant's letter, he refused further to perform the agreement, and that itself is a complete bar to any relief. The finding of the court, that decedent and his wife "willfully and without cause" left the residence of complainants and moved to St. Louis, is without a scintilla of evidence in its support.

There having been a clear breach of the contract by complainant himself, he is entitled to no specific performance of it as against the other heirs or devisees, and the decree of the circuit court will be reversed and the bill dismissed.

*Decree reversed.*