CHARLES JOHNS

v.

ALEXANDER BOYD.

*Filed at Ottawa, June 12, 1886.*

APPEAL—*as whether involving a freehold.* A bill was filed to enjoin a levy and sale of land under an execution, on the ground the complainant, the defendant in execution, had no such interest in the property as was subject to levy and sale, and prayed that in case of a sale it be set aside as a cloud on the title. A sale having been made, the court on the hearing found the allegations of the bill to be true, and set aside the sheriff's sale and the certificate of purchase: *Held,* that no freehold being involved, an appeal did not lie from the decree to this court in the first instance.

APPEAL from the Circuit Court of Bureau county; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. HENDERSON & TUMBLER, for the appellant.

Messrs. KENDALL & LOVEJOY, and Mr. JOHN SCOTT, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by Alexander Boyd, in the circuit court of Bureau county, against Charles Johns, and was to set aside a levy made on the right, title and interest of complainant in certain premises, by virtue of an execution issued on a judgment rendered in the circuit court, in favor of defendant and against complainant, on the ground complainant had no such interest in the premises as was subject to levy and sale on execution. The bill was filed before any sale was made by the sheriff, and the bill prayed that in case a sale should be made of the property before the cause should come to a hearing, such sale might be declared void, and set aside as a cloud upon the title to the premises. It seems the property was sold by the sheriff after the bill

had been filed, and on the final hearing of the cause the court found most of the allegations of the bill to be true, and decreed that the levy upon and sale of the premises on the execution, and the certificate of purchase issued to defendant in pursuance of such sale, be declared null and void, and that the same be set aside as a cloud upon the title to the premises. From that decree defendant prayed for and was allowed an appeal directly to this court, which he afterwards perfected by giving bond as required in the order of the court allowing the appeal.

It is obvious the appeal in this case was inadvertently taken directly to this court, as no freehold is involved, nor, indeed, any other question that would give this court jurisdiction in the first instance to hear and determine the cause. It should have been taken to the Appellate Court. It is seen the bill in the first place was simply to set aside a levy made upon certain premises by virtue of an execution. It contained also a prayer that in case a sale should be made by the sheriff, of the property, before the cause should be heard, such sale might be declared null and void, as a cloud upon the title to the property. No deed was ever made by the sheriff to the purchaser at such sale, or to any one else, for the property. The only question made is, whether the interest which complainant has in the real estate levied upon, whatever that may be, is subject to levy and sale on execution. It is therefore plain no freehold is involved. Even if the property was sold it might be redeemed by the defendant in the execution or a judgment creditor of his, and so the sale might never ripen into title. Previous decisions of this court are conclusive of this question.

*Appeal dismissed.*