BEULAH C. DICKEN, by her guardian,

*v.*

LAURA McKINLEY *et al.*

*Filed at Springfield November 10, 1896.*

1. CONTRACTS—*agreement to devise lands must be in writing.* A verbal agreement by a party to make no will which would deprive a certain relative of the estate to which such relative would be entitled by descent, is, in effect, an agreement to devise lands, and void under the Statute of Frauds. (*Pond* v. *Sheean,* 132 Ill. 312, followed.)

2. SAME—*when an indivisible contract fails in part, the whole fails.* The fact that an oral contract to devise part of an estate may include personal property as well as land, does not make the contract valid as to the personalty, where such contract is indivisible.

3. SAME—*contract to devise land in consideration of adoption of child must be in writing.* Where the consideration for a verbal contract to devise land to a child is the consent of the child and its parents to its adoption by the promisor, the fact the promisor accepted such consideration will not, in itself, make the contract valid.

4. STATUTE OF FRAUDS—*when part performance will not take oral contract out of.* To take an oral agreement to devise land out of the operation of the Statute of Frauds on the ground of part perform-

ance by the promisee, such performance must be accompanied by the promisee's possession of the land under the contract.

5. SAME—*a trust which affects land must be in writing.* A verbal agreement to devise land will not, in the absence of fraud, fasten a trust upon the land in favor of the promisee against parties to whom such land is afterward devised in violation of the agreement, where the promisee is not in possession under the agreement.

6. PLEADING—*when defense of Statute of Frauds may be raised by demurrer.* Where a bill shows, upon its face, that a promise to devise land was not in writing, the defense of the Statute of Frauds may be raised by demurrer.

7. SAME—*upon demurrer, whether alleged acts constitute part performance is a matter of law.* Where a bill states the facts relied upon to take an oral contract out of the Statute of Frauds, upon demurrer admitting those facts, the court must determine whether or not such facts do constitute a sufficient part performance.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. FERDINAND BOOKWALTER, Judge, presiding.

This is a bill, filed by Beulah C. Dicken, a minor seven years old, by John M. Welch, her guardian, alleging, that she is an only child of Melvin S. Dicken, deceased, who died on January 1, 1893, and was the son of Serena Dicken; that, besides said Melvin, Serena Dicken had four other children, to-wit: Laura McKinley, John C. Dicken, William A. Dicken and Ada R. Dicken; that, after the death of Melvin, complainant became a full heir-at-law of said Serena; that, on the 25th day of January, 1894, the said Beulah was lawfully adopted by the said Serena as her own child, under the adoption laws of the State of Illinois, by proceedings in the county court of Edgar county; that the said Welch was then, as now, guardian of the said Beulah; that, "as a consideration for such adoption, the said Serena verbally contracted with and promised the said Welch and Ida Dicken, the mother of the said Beulah, that she would make no will or testament which would deprive the said Beulah of any portion of her, the said Serena's, estate, to which the said Beulah would be entitled as an heir in case the said Serena died intestate;" that such contract and promise

upon the part of the said Serena were the true consideration for such adoption; that neither Ida Dicken, nor the said Welch, as guardian, would have consented to such adoption, except for such consideration; that the said Serena departed this life on the first day of August, 1894, seized and possessed of real and personal property of the value of $25,000.00; that, if the said Serena had died intestate, the said Beulah, both as a grandchild and as an adopted child of the said Serena, would be entitled as an heir-at-law to a one-fifth portion of said estate; that, after the death of the said Serena, a certain instrument was filed in the probate court of Edgar county and there probated as the will of the said Serena; that, under and by virtue of said instrument, the said Beulah is divested of all interest in the estate of Serena Dicken, except only that she is bequeathed the amount of $1000.00, the entire remainder of said estate being unequally divided among said four surviving children of the said Serena, who are made defendants; that "a copy of this will is hereunto attached and made a part of this bill." The prayer of the bill is, that complainant may be decreed to be entitled to a full one-fifth portion of all said estate, both real and personal; that said verbal contract may be decreed valid and binding as against the defendants, and may be enforced; that the alleged will may be held to be null and void as far as the provisions of the same apply to complainant; and that complainant may have such other and further relief in the premises as equity may require and shall seem meet.

By the will, which is dated August 4, 1894, and made a part of the bill, the testatrix, after directing the payment of debts and funeral expenses, gives to her daughter, Laura, eighty acres of land; to her son, John C., one hundred acres; to her son, William A., eighty acres; to her daughter, Ada R., one hundred acres; and to her grandchild, Beulah C., $1000.00, directing that, if there is not enough personal property to pay it, the children

shall contribute, in equal shares, enough to make up the amount, and making the legacy of $1000.00 a charge upon the lands devised.

The bill was demurred to by the defendants as not entitling the complainant, in a court of equity, to any discovery or relief from them touching the matters therein. The demurrer was sustained; the complainant elected to stand by her bill; thereupon the court below dismissed the bill for want of equity, and rendered judgment for costs against complainant. The present writ of error is sued out for the purpose of reviewing such decree of dismissal.

JAMES A. EADS, and DUNDAS & O'HAIR, for plaintiff in error:

Equity will decree the specific performance of a contract, definite and certain in all its parts. *Hamilton* v. *Harvey*, 121 Ill. 471; *Cooley* v. *Mitchell*, 115 id. 126; *Wollensak* v. *Briggs*, 119 id. 465.

Equity will enforce parol testamentary agreements when the evidence establishes a plain contract, and a substantial performance on the promisee's part. *Brown* v. *Sutton*, 129 U. S. 238; *Walters* v. *Walters*, 132 Ill. 467; *Mc-Dowell* v. *Lucas*, 97 id. 489; *Smith* v. *Yocum*, 110 id. 143.

Valid agreements to devise, if founded upon a sufficient consideration, are enforcible against heirs, devisees or representatives, as though the deceased obligor were a party to the suit. *Fortescue* v. *Hannah*, 19 Ves. 67; *Walpole* v. *Oxford*, 3 id. 402; *Weingaertner* v. *Pabst*, 115 Ill. 412; *Stephens* v. *Reynolds*, 6 N. Y. 459.

In order to take advantage of the Statute of Frauds it must be pleaded or in some way set up at the trial, or it will be deemed to have been waived. *Bragg* v. *Olson*, 128 Ill. 540; *Walters* v. *Olson*, 132 id. 467; *Chicago Attachment Co.* v. *Sewing Machine Co.* 142 id. 171.

Part performance of contract will, in equity, take the case out of the statute. *Hall* v. *Railroad Co.* 143 Ill. 163.

VAN SELLAR, SHEPHERD & VAN SELLAR, for defendants in error.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

The weight of authority is in favor of the position, that a man may make a valid agreement to dispose of his property in a particular way by will, and that such contract may be enforced in equity after his decease against his heirs, devisees or personal representatives. (22 Am. & Eng. Ency. of Law, p. 974, and cases cited in note 2; Schouler on Wills,—2d ed.—sec. 454; Waterman on Specific Per. of Contracts, sec. 41; Fry on Specific Per. —3d ed.—sec. 223; *Weingaertner* v. *Pabst,* 115 Ill. 412). But such contracts are looked upon with suspicion, and are only sustained when established by the clearest and strongest evidence. (Ibid.) There is a want of harmony among the decisions in regard to the enforcement of such contracts when they are oral, and in regard to the scope and applicability to them of the Statute of Frauds. Without entering into a discussion of the authorities upon the subject, we regard the case at bar as governed by the recent decision of this court in the case of *Pond* v. *Sheean,* 132 Ill. 312.

In the *Pond case,* a person, having no children of his own, took an infant daughter of a relative of his wife to raise as a member of his family, and promised orally, with his wife's consent, that, if the child's father would permit her to become a member of his family, and assume the name of her adopter, and allow her to live with the family of the latter, he would, on his death and that of his wife, give the child all the property he might own; the contract was fully performed by the child and her father; she lived with her adopter from the time she was four years old until she reached the age of twenty-nine years, and was married, rendering, during all this time, the same services as though she was an own child; but it

was there held, that a court of equity would not enforce
a specific performance of the oral contract; that the
agreement to make provision for the child by will was,
so far as the real estate was concerned, an agreement for
the sale of such real estate; that, as the agreement was
merely verbal and the child never obtained possession of
the property under it, it was void under the Statute of
Frauds; that payment of the purchase money without
taking possession is not sufficient to take such a case
out of the Statute of Frauds; and that a court of equity
will not decree the specific performance of a parol agree-
ment to convey lands where the purchaser has not en-
tered into possession under the contract.

Here, the adoption of the plaintiff in error by her
grandmother did not require a change of name, because
her name, as well as that of the grandmother, was Dicken;
nor was her relation, as expectant heir of her grand-
mother in the event of the latter's death without making
a will, changed by the adoption; because, as the only
child of her deceased father, she would have inherited
one-fifth of the estate from her grandmother, if the latter
had died intestate, without any legal act of adoption; it
was not necessary to adopt her to make her the heir of
her grandmother; as adopted child she would inherit no
greater interest than would have descended to her as
grandchild.   As the grandmother only lived about six
months after the adoption, she received but little from
the plaintiff in error in the way of services or compan-
ionship.   But, even if the formal and perfected adoption
was the consideration for the agreement alleged in the
bill, and the deceased received and accepted such con-
sideration, still the agreement was not removed from the
operation of the Statute of Frauds, any more than the
payment of purchase money would have relieved it from
such operation, because no possession was taken of the
real estate by the plaintiff in error.

Counsel for plaintiff in error claim, that the *Pond case* is different from the present case upon the ground that, here, there were proceedings under the statute resulting in a legal adoption, while, there, no formal adoption took place. We regard this distinction as immaterial. The services of Mrs. Pond for twenty-five years in the case cited constituted a consideration as valuable as is a mere formal act of adoption. The material circumstance in the case at bar, as it was in the *Pond case*, is, that no possession was taken of the land under the contract, and, therefore, the contract was subject to the operation of the statute.

A further distinction is sought to be drawn between the two cases. It is said that, in the *Pond case*, the child was not a natural heir of the party making the promise, while, here, by the death of her father, plaintiff in error, as his only child, was entitled to a child's share in the estate of the deceased grandmother, if she made no will; that the bill, there, sought to have property given to the child, which, by the course of descent, would go elsewhere, while, here, plaintiff in error does not seek anything more than the law of descent would give her, if the will of her grandmother should be set aside; and that the contract here is not one by which the decedent promised to devise something, but one by which she promised to allow the law of descent to distribute her property so far as plaintiff in error was concerned.

The contract, as set up in the bill, was one, in which the deceased is alleged to have verbally contracted, not with plaintiff in error, but with the guardian and mother of plaintiff in error, that the deceased would make no will, which would deprive plaintiff in error of any portion of the estate, which she would take as heir if there was no will. The deceased unquestionably had a right to make a will, and leave her property to others than her children or grandchildren; she had a right to leave it to whom she pleased. It is not alleged, that she con-

tracted to make no will, but not to make a will giving plaintiff in error less than the law would give her. The contract was, in substance and effect, a contract that, if she made a will, she would make a will giving a certain portion of her estate, which consisted of realty and personalty, to the plaintiff in error. Such a contract is the same as though she had agreed that, if she made a sale of her real property, she would sell it to plaintiff in error. We apprehend, that there is no material difference, so far as the application of the Statute of Frauds is concerned, between an oral agreement by A to sell land to B at a certain price, and an oral agreement by A that, if he made any sale of his land at all, he would sell it to B at a certain price. Both of such oral contracts of sale are within the Statute of Frauds. (*Farnham* v. *Clements*, 51 Me. 426).

If the verbal contract set up in the bill is not a verbal contract to devise to plaintiff in error a certain portion of her grandmother's estate, or, what is equivalent thereto, a verbal contract to make sale to her of a certain portion of the estate, then it is difficult to see upon what theory plaintiff in error claims to be entitled to the relief prayed for in her bill. The bill prays, that the oral contract therein set forth may be enforced against the defendants. By the will of the testatrix the title to the realty has passed to the defendants, her surviving children; and an enforcement of the contract against them would require them to convey to plaintiff in error the portion of the realty claimed by her. But this can only be done by charging the land in the hands of the defendants with a trust in favor of plaintiff in error. The theory, upon which the courts enforce an agreement to execute a will in a certain way against the representatives and estate of the party who makes the agreement, is "to construe such an agreement, unless void under the Statute of Frauds or for other reason, to bind the property of the testator or intestate so far as to fasten a trust upon it in

favor of the promisee, and to enforce such trust against the heirs and personal representatives of the deceased." (*Bolman* v. *Overall,* 80 Ala. 451; 3 Parsons on Contracts, marg. page 406).

The trust, which is fastened upon the property in such case, will necessarily be a trust growing out of a contract of sale. "If an owner of real estate contracts to sell it, he becomes a trustee of the legal title for the vendee; and if he dies before conveying the legal title,  *  *  * the heir, in case it descends, and the devisee, in case it is devised, may be called upon to convey it to the vendee." (1 Perry on Trusts, sec. 342). Such contract of sale, however, in order to affect land with a trust in favor of the vendee or promisee as against the vendor or his heirs or devisees, must be in writing, or attended with such acts of part performance as take it out of the Statute of Frauds. There are no such acts in this case. Nor can it be said that there is any trust growing out of fraud on the part of the deceased or the defendants, because no fraud is charged in the bill.

Even if the contract here is, as counsel for plaintiff in error contend, a contract by which the deceased promised to let the Statute of Descents have its operation, and not a promise to make a devise in a particular way, it is, nevertheless, a merely verbal agreement, and, as such, could not have the effect of fastening a trust upon the real estate devised to the defendants. A trust, which affects land, must be in writing. (*Tyler* v. *Tyler,* 126 Ill. 525). Under "our Statute of Frauds, all trusts shall be created or evidenced by writing, except resulting trusts, or else they are void." (*Hovey* v. *Holcomb,* 11 Ill. 660).

It has been said, that a court of equity will sometimes interfere to enforce a verbal contract, void by the Statute of Frauds, where there have been such acts of performance by the party asking relief, that he or she would suffer an injury amounting to a fraud by the refusal to execute the agreement. (*Wallace* v. *Rappleye,* 103 Ill. 229;

*Pond* v. *Sheean, supra*).   No act of performance is alleged in the bill except the act of effecting a statutory adoption.   This act would not justify a court in holding, that plaintiff in error has suffered an injury, amounting to fraud unless she is granted relief.   *Non constat* that she was any worse off after the adoption than she was before.

The fact, that the oral agreement, set up in the bill, may include personal as well as real estate, does not take it out of the Statute of Frauds as to such personal estate.   Being in part for a devise of land, and not being evidenced by any writing signed by the testatrix, it is within the statute; and as the contract is indivisible and fails in part, the whole fails.   (*Pond* v. *Sheean, supra; Ellis* v. *Cary,* 74 Wis. 176).

It is further urged that, in order to take advantage of the Statute of Frauds, it must be pleaded, or in some way set up at the trial, or it will be deemed to have been waived; and that it cannot be taken advantage of by demurrer to the bill.

We think that, in the present case, the question, whether the contract is within the Statute of Frauds, can be raised by demurrer.   Where a bill shows affirmatively that a contract or promise to make a will is not in writing, the defense of the Statute of Frauds may be raised by demurrer. (*Manning* v. *Pippen,* 86 Ala. 357).   The bill here alleges that Serena Dicken verbally contracted.

Where the bill states facts, which are relied upon as part performance for the purpose of taking the oral agreement out of the Statute of Frauds, and a demurrer is filed which admits such facts, the court must determine whether the facts relied upon do constitute part performance.   (*Van Dyne* v. *Vreeland,* 11 N. J. Eq. 378).   And when the bill discloses an oral contract without alleging facts which would avoid the statute as a defense, advantage may be taken of the statute by demurrer.   (8 Am. & Eng. Ency. of Law, p. 746).   Here, the adoption, set up as part performance, does not amount, under the deci-

sions in this State, to such part performance as will avoid the statute as a defense. The defense of the Statute of Frauds may be taken by demurrer, where it appears from the face of the bill, as it does here, that the case stated is within the statute. (Story's Eq. Pl.—9th ed.—sec. 762, note *a*).

We think that there was no error in sustaining the demurrer and dismissing the bill. The decree of the circuit court is, accordingly, affirmed.

*Decree affirmed.*