ANTOINE LAFLEURE

*v.*

WILLIAM SEIVERT *et al.*

*Opinion filed December 20, 1900—Rehearing denied February 8, 1901.*

APPEALS AND ERRORS—*when freehold is not involved so as to give the Supreme Court jurisdiction of appeal.* A freehold is not involved under a bill to set aside a judgment by confession against complainant's wife so far as it might affect the real estate described in the bill, and to enjoin the sheriff from selling the property, where the only question is whether the judgment is a lien on the property.

Appeal from the Circuit Court of Kankakee county; the Hon. John Small, Judge, presiding.

W. R. Hunter, for appellant.

Charles B. Campbell, T. W. Shields, and Arthur W. Deselm, for appellees.

Mr. Justice Cartwright delivered the opinion of the court:

The circuit court of Kankakee county entered a decree dissolving a temporary injunction and dismissing the bill filed in that court by appellant against appellees, and this appeal was prosecuted from said decree.

The prayer of the bill was, that the court would set aside a judgment entered by confession against complainant's wife so far as it affected the real estate described in the bill, and would enjoin the sheriff from selling the property under the judgment. The ground claimed for such relief was, that the note was made by the wife on the wedding day of the parties, for services in bringing about the marriage; that the real estate was owned in fee by complainant and occupied as his homestead; that he was induced, by false and fraudulent representations that several women were about to bring suits against him for breach of promise of marriage, to convey said real estate to his wife; that he remained in open, visible possession, and that his wife quit-claimed the property back to him.

The only matter in controversy between the parties is whether the judgment is a lien upon said real estate. The ownership of the freehold is not in question, and a freehold will not be gained or lost by the decision of the issue. Even if the lien of the judgment stands and there should be a sale, it may never ripen into a title. Under repeated decisions the freehold is not involved, and the appeal should have been to the Appellate Court. *Johns* v. *Boyd,* 117 Ill. 339; *Herdman* v. *Cooper,* 125 id. 359.

The appeal is dismissed, with leave to appellant to withdraw the transcript of record, abstracts and briefs filed by him, and to appellees to withdraw the additional abstracts and briefs filed by them.

*Appeal dismissed.*