## Allen V. Jones v. Mary E. Bean et al.

### Gen. No. 4,809.

1. FREEHOLD—*when not involved.* A freehold is not involved by bill in equity where it only seeks a personal decree against a party holding title to real estate. Such a bill would not involve a freehold even though the prayer was granted and the decree declared to be a lien upon all real estate referred to in the bill.

2. ASSIGNMENT OF ERROR—*when deemed abandoned.* An assignment of error to the effect that the court erred in sustaining exceptions filed to certain portions of the bill, is waived, where in argument it is not pointed out in what way the parts of the bill expunged were relevant or in what particular the ruling was erroneous.

3. ADOPTION OF CHILDREN—*what essential to validity of.* A valid adoption cannot be made by a man without the joining of his wife. Both must concur in the proceeding to adopt; otherwise no valid adoption can be entered.

4. CONTRACT—*what sufficient consideration to support, providing for particular testamentary disposition.* Services rendered and to be rendered is a sufficient consideration to support an agreement to make the party rendering and agreeing to render such services the heir of the other party to the contract.

5. SPECIFIC PERFORMANCE—*of what will be awarded.* An agreement to make a specified final disposition of one's property at death, if supported by a valid consideration, will be specifically enforced.

Bill for specific performance. Appeal from the Circuit Court of Mercer County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1907. Reversed and remanded with directions. Opinion filed October 10, 1907.

**Statement by the Court.** Ida J. Jones died in Mercer county on the first day of July, 1905, leaving a last will and testament by which she bequeathed to certain persons therein named, her estate consisting of about $7,500 in money and bonds. She owned no real estate at the time of her death.

On February 23, 1906, Allen V. Jones, appellant, filed a bill in the nature of a bill for specific performance against the legatees to obtain from them the entire estate of the deceased on the facts alleged therein. The administrator with the will annexed was subsequently made a party defendant to the bill by amendment.

The facts alleged in said bill as grounds for the relief sought are, that complainant was born in 1877, in Mercer county, Illinois; that two years thereafter his mother died; that in 1890 complainant's father was killed by lightning and thereupon said Ida J. Jones being childless and without hope of issue renewed her request (a former allegation of an oral adoption by one Moshier by agreement with complainant's father, and a request for similar assistance having been on exception stricken out) to said V. H. Jones and H. L. Simms for their consent and influence to assist her and her husband in taking complainant from said Moshier to raise as their own child, and offering to take, board and school complainant, give him a certain farming outfit when he became twenty-one years of age and make him their heir at their respective deaths, and represented that they had a certainty of a back pension of $1,650 recently received by Asa H. Jones and a life policy of $5,000 on the life of Asa H. Jones payable to said Ida J. Jones in the Covenant Mutual Benefit Association of Galesburg, which complainant would receive at the survivor's death, as well as what might be accumulated from the farm and stock feeding; that relying upon said promises the following contract was executed:

"North Henderson, Ill., July 23, 1890.

This writing witnesseth that whereas Allen V. Jones is a minor and an orphan and the undersigned, V. H. Jones and Henry L. Simms, of North Henderson, Ill., are his uncle and cousin, and nearest blood relatives, and undersigned, Asa H. Jones and Ida J. Jones, his wife, of said North Henderson, Ill., his only remaining uncle and aunt, and in desire to adopt said Allen V. Jones and it being to the best interests of said Allen V.    ̇ ₃ that he be adopted by Asa H. Jones and Ida J. Jones,    ̣ are childless and with-

out hopes of issue, now it is hereby contracted and agreed by said V. H. Jones and H. L. Simms, nearest living blood relatives as aforesaid of said Allen V. Jones, for said Allen V. Jones with Asa H. Jones and Ida J. Jones, his wife, for the consideration that said Allen V. Jones shall live and make his home with said Asa H. Jones and Ida J. Jones from the time of signing hereof until said Allen V. Jones is 21 years of age, and during all said time shall faithfully work for said Asa H. Jones and Ida J. Jones and give to them and each of them his labor, and the care, love and affection of a son to parents, and that in consideration thereof said Asa H. Jones and Ida J. Jones and each of them hereby contracts and agrees to give said Allen V. Jones from the time of signing hereof until he is 21 years of age a home, and the love and affection of parents to a son, and shall board, clothe and in winter school said Allen V. Jones during said time, and when he is 21 years of age shall give to him a farming outfit, consisting of a good team, wagon and harness, a good breaking plow, cultivator and harrow or the value thereof, and shall and do hereby make said Allen V. Jones their sole and only heir, and for the better carrying into effect of this agreement and contract it is further contracted and agreed by the parties hereto that said Asa H. Jones and Ida J. Jones, his wife, shall legally adopt by order of a competent court said Allen V. Jones so that he shall inherit their estate as heir at their respective deaths.

Signed:

      V. H. Jones, Uncle of Allen V. Jones.   (Seal.)
      H. L. Simms, Cousin of Allen V. Jones.  (Seal.)
      Asa H. Jones, Uncle of Allen V. Jones.  (Seal.)
      Ida J. Jones, Wife of Asa H. Jones.    (Seal.)

I consent hereto.

Signed:

      Allen V. Jones."

The bill further alleges that said Asa H. Jones and Ida J. Jones thereupon applied to the County Court of Mercer county where they resided, which court had authority to do all things necessary to be done, to cause complainant to become the legally adopted son and heir of Asa H. Jones and Ida J. Jones, and presented their petition for said adoption

to the court; that the court upon an amended petition signed by Asa H. Jones made an order of adoption, copies of such proceedings being attached to the bill; that Asa H. Jones and Ida J. Jones procured a copy of the order of adoption and again applied to Moshier for complainant; that Moshier still resisted but on advice of counsel that said order of adoption superseded his oral contract, surrendered complainant to said Jones; that complainant left said Moshier because of said contract and adoption and sacrificed his hopes and expectations with Moshier; that the home of said Jones was a heavily mortgaged farm, a quarter section of second class land, in which was invested said $1,650 of back pension money; that the health of Asa H. Jones was so infirm that he was unable to do farm work; that the contract was explained to complainant that he would receive said back pension money and said insurance as well as said farm if it was redeemed from the mortgage and be their heir; that complainant relied on said statements and gave to said Asa H. Jones and Ida J. Jones his best services, labor and the love of a child, and he was treated as a son; that complainant worked on said farm and was hired out by said Jones in exchanging work and by the month, and said Jones received the wages therefor until 1894, when said farm was sold and the proceeds invested in a house and lot in North Henderson in the name of Ida J. Jones and complainant was assured by Ida J. Jones and Asa H. Jones, that such deed gave her the property for her lifetime only, and would in no manner affect complainant's rights after her death; that Asa H. Jones died in 1895; that said Ida J. Jones received said $5,000 life insurance money and invested the same in Aledo bonds; that Ida J. Jones, in 1895, without the knowledge of complainant, sold said house and lot in North Henderson for $1,650 and placed the same to her own credit in the Aledo bank; that on December 26, 1890, Mary E. Bean, a twin sister of Ida J. Jones, received title to block twenty-six in Aledo, Mercer county, Illinois, for a consideration of $1,000; that within a short time after the sale of the North Henderson house and lot, a contract was made for the erection of a new building

and an expensive house on said Aledo block; that Ida J. Jones died July 1, 1905, leaving a last will made November 26, 1900, disinheriting complainant and disposing of the entire estate, which was the first intimation complainant had that she had any intention of avoiding said contract and order of adoption.

The bill sets up the various bequests to the several defendants, and alleges that Ida J. Jones had $4,192.32 in the bank of Aledo and $3,500 in Aledo water bonds at the time of her death, and that these represent the proceeds of said back pension and insurance policy; that the widow's award of $896 which Ida J. Jones received from the estate of Asa H. Jones, and the pension she received as the widow of Asa H. Jones, amounting to $2,000, is invested in the Aledo property in the name of Mary E. Bean; that the services and wages of complainant during the time he lived with said Jones were of the value of $2,000 and that he virtually maintained the family of Asa H. Jones and Ida J. Jones and paid the premiums upon said insurance policy and kept said pension money unimpaired and that complainant fully performed his part of the contract dated July 23, 1890; and that the will of Ida J. Jones was admitted to probate, August 7, 1905.

The prayer of the bill is that said will be declared void and of no effect and that the legatees be declared to have no interest in said estate under said will, and that appellant be decreed entitled to all the estate of Ida J. Jones under the said contract of July 23, 1890, and under said order of adoption, and that Mary E. Bean be decreed to pay to complainant the money invested in said Aledo block and all such money as she may have in her control belonging to the estate of Ida J. Jones, and for general relief.

Exceptions were filed to certain portions of the bill as not being pertinent or relevant to the issues involved. The court sustained some of the exceptions and overruled others. Errors are assigned on the rulings of the court in so far as the exceptions were sustained.

The court sustained a demurrer to the bill and complain-

ant abiding by his bill, a decree was entered dismissing the bill for want of equity. The complainant appeals.

A. M. Brown, Friend L. Church and John M. Wilson, for appellant.

W. J. Graham and Robert L. Watson, for appellees.

Mr. Justice Thompson delivered the opinion of the court.

A motion was made to dismiss the appeal on the ground that a freehold is involved and therefore this court has no jurisdiction. The bill does not allege that the deceased owned any real estate. It is alleged that Mary E. Bean owns certain real estate and that certain moneys of Ida J. Jones are invested in said property and prays that Mary E. Bean be decreed to pay to complainant the money invested in said property. The title to the real estate in the name of Mary E. Bean is not involved and the only relief sought is a personal decree against the party holding the title. If the relief prayed for be granted and the money of the deceased, if any was used in the erection of buildings on said property, should be decreed to be paid by Mrs. Bean to complainant and held to be a lien on the real estate, yet the title to the real estate would not be decreed to be in complainant even if under the prayer for general relief it should be held to be a lien.

"A freehold is involved within the sense of the constitution and the statute, only in cases where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate or when the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue." Taylor v. Taylor, 223 Ill., 423; Prouty v. Moss, 188 Ill., 84; LaFleure v. Seivert, 188 Ill., 525; Malaer v. Hudgens, 130 Ill., 225. The title to the Aledo property is not put in issue, but the issue is, did the deceased invest money in it. The motion to dismiss is overruled.

Jones v. Bean.

Error is assigned on the ruling of the court in so far as the exceptions filed to portions of the bill were sustained. This fact is simply mentioned in the argument of appellant and it is not pointed out in what way the parts of the bill expunged were relevant or in what particular the ruling was erroneous, and therefore such assignments are abandoned.

The only question challenged in the argument is the judgment of the court on the demurrer. It is insisted that by the order of adoption the appellant became an heir of Ida J. Jones and entitled to her estate. Two petitions for adoption were filed; the first dated August 5, 1890, is signed by Asa H. Jones and Ida J. Jones and does not state the sex of the child to be adopted nor whether it had a guardian or not. The second petition is dated August 6, 1890, and is the petition of Asa H. Jones, being signed by him alone; his wife did not join in it. The order of the County Court finds "that said petitioner is a resident of said county and desires to adopt said child" and orders and adjudges "that said Allen V. Jones be the adopted child of said petitioner and capable of inheriting his estate." Section one of the Illinois Adoption Act, provides "the prayer of such petition by a person having a husband or wife shall not be granted unless such husband or wife joins therein, and when they join the adoption shall be by them jointly." The petition and order were for the adoption of appellant by Asa H. Jones only. Under the rule as laid down in Watts v. Dull, 184 Ill., 86, there being no adoption of appellant by Ida J. Jones, the wife of petitioner, the entire proceeding was invalid; but if the validity of the adoption proceedings so far as Asa H. Jones is concerned should be conceded, still the decree of the County Court does not pretend to be a decree of adoption of appellant by Ida J. Jones, and the appellant cannot obtain any relief against her from such proceedings.

If complainant can recover in this suit he must recover on the written contract. The substance of the contract is that if appellant would live in the house of Asa H. Jones and Ida J. Jones until his majority performing all his duties as an adopted son, Asa H. Jones and Ida J. Jones would

and "do hereby make said Allen V. Jones their sole and only heir. * * * and said Asa H. Jones and Ida J. Jones his wife, shall legally adopt by order of a competent court said Allen V. Jones so that he shall inherit their estate as heir at their respective deaths." The contract is signed and sealed by both Asa H. Jones and Ida J. Jones. An heir is a person appointed to succeed to an estate in case of intestacy. Smith v. Kimbell, 153 Ill., 368; Thomas v. Miller, 161 Ill., 73. If the contract was only to adopt complainant, and he should be adopted, then in case of intestacy he would take the estate under the statute of descent. An adopted son has no greater right in the estate of the adopting parent than a natural son and either may be disinherited by will. The contract which it is sought to enforce, however, is more than a contract to make complainant an heir; he is not only to be legally adopted, but it is to be done so that said Allen V. Jones shall inherit their estate as heir at their respective deaths. It is alleged that it was represented to his relatives and to him that he would inherit the money received from the $5,000 life insurance policy and the $1,650 pension fund with the farm. In Wallace v. Rappleye, 103 Ill., 229 and 665, which was a bill to enforce the specific performance of an oral contract for support and the right of inheritance, the court first found that the contract was not proved with that clearness and explicitness that is required where the contract affects land, and then held that before a contract can be made the basis of a decree for specific performance, it must be certain, fair and just in all its parts and be founded on a valuable consideration, and that the amount of property involved was too uncertain, and that, that is a circumstance to be considered by the court in the exercise of its discretion. The same question was passed upon in Woods v. Evans, 113 Ill., 186, where the suit was upon a lost contract, and it was held that the contract could not be enforced because the services rendered would not be regarded as an equivalent for the property agreed to be given, and a child's part is too uncertain, as it would be changed either by the birth or death of other children, and if the property should be disposed of by

will there would be nothing to descend. In the Woods case, the wife of the contracting party did not join in the contract, and the contracting party having no children he could not make a contract which would deprive her of the personal estate in such a case, and the contract if enforced would have materially affected her rights.

In the case at bar the husband and wife both joined in the execution of the contract. It is alleged that Ida J. Jones represented to complainant that upon her death and that of her husband, complainant would receive $1,650 pension money, $5,000 on the insurance policy and the farm if it should be redeemed from the mortgage upon it, and that both she and her husband were childless and without hopes of issue. It is alleged that complainant went into the Jones family in pursuance of the contract, that his services rendered to them were of the value of $2,000 and that he virtually maintained the family and paid the premiums on the insurance policy, thus keeping the pension fund unimpaired. Such services were a valuable consideration as distinguished from a merely good or moral consideration, and were a sufficient consideration for the making of the contract. If complainant by virtue of a contract made by his father with Moshier had expectations in that direction, and if that contract was broken because of the acts and influence of Ida J. Jones, and if complainant lost any right of inheriting from Moshier thereby, such loss might be a damage to complainant and at least a moral consideration for the contract. The clause at the end of the contract "do hereby make said Allen V. Jones their sole and only heir * * * so that he shall inherit their estate at their respective deaths," must be taken and construed in the usual and common acceptance of the words used. They can only mean that he shall take their estate at their death—not a portion of their estate. It is as strong as if it had read, he shall inherit their estate and that they would not make any disposition of their estate which would interfere with the descent of the estate to him. "An owner of property may make a valid, enforceable contract binding himself not to dispose of his property by will and

binding himself to allow the same to descend to his heirs as intestate property." Jones v. Abbott, 228 Ill., 34. A person may make a valid agreement to make a particular disposition of his property by will, and the contract may be enforced in equity, after his decease, against his heirs, devisees or personal representatives. Whiton v. Whiton, 179 Ill., 32; Weingaertner v. Pabst, 115 Ill., 412. Such an agreement constitutes an equitable assignment of the property to vest in possession at the promisor's death. Hudnall v. Ham, 183 Ill., 486. The language of the court in the Whiton case, *supra*, is applicable to this case. "There can be no doubt but that a person may make a valid agreement binding himself legally to make a particular disposition of his property by last will and testament. The law permits a man to dispose of his own property at his pleasure, and no good reason can be assigned why he may not make a legal agreement to dispose of his property to a particular individual or for a particular purpose as well by will as by a conveyance to be made at some specified future period or upon the happening of some future event. It may be unwise for a man in this way to embarrass himself as to the final disposition of his property, but he is the disposer by law of his own fortune and the sole and best judge as to the time and manner of disposing of it. A court of equity will decree the specific performance of such an agreement upon the recognized principles by which it is governed in the exercise of this branch of its judisdiction. * * * This agreement, then, made between the complainant and his father, was a legal agreement, and this court should decree its execution, if in the exercise of its legal discretion, it can do it without violating any principle of equity, or doing injustice to any third party who may be involved in the transaction." If the allegations of the bill as it now stands are true, the complainant is a purchaser for value of the estate of Ida J. Jones and has fully performed his part of the contract. Ida J.- Jones left no surviving husband or children for whose protection a court of equity might say, in its discretion, it is inequitable to decree a specific performance of complainant's contract.

When the contract was made the promisors considered that they had no hope of any children, and agreed in writing that complainant should "inherit their estate." At that time they represented the value of their estate that he was to inherit under the contract to be substantially the same as is the value of the estate of Ida J. Jones.

We hold that the allegations of the bill set forth a good cause for equitable relief, and that the demurrer should have been overruled. The cause is reversed and remanded with instructions to overrule the demurrer.

*Reversed and remanded with instructions.*