HENRY BŒSTER

*v.*

MICHAEL BYRNE, Admr. etc.

1. WITNESSES—*defendants not competent, in suit by an administrator.* In a suit by the administrator of a mortgagee to foreclose a mortgage against the mortgagor and subsequent purchasers from him, such subsequent purchasers are not competent witnesses on behalf of the defendants to prove payments on the mortgage.

2. And the fact that such subsequent purchasers hold under a warranty deed, upon which they might have a remedy over against their grantor in case of their suffering damage from the mortgage, would not change the fact of their having a direct interest in the removal of the incumbrance from their land, and therefore being incompetent witnesses.

3. DECREE OF FORECLOSURE—*its requisites in respect to redemption.* The more formal mode of decreeing a foreclosure of a mortgage is, to direct that the mortgagor pay the amount due, and, in default of payment, that the master sell the land, and if not redeemed, then all the rights of the defendants be foreclosed; but the right of redemption provided by the statute will not be considered as denied by a decree, although it may declare a foreclosure without reference to the subject of redemption.

APPEAL from the Circuit Court of Washington county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This is an appeal from a decree of foreclosure of a mortgage, executed by Henry Bœster to Patrick Byrne, now deceased, January 4, 1867. The bill was filed by Michael Byrne, as administrator of the estate of Patrick Byrne, against Henry Bœster, the mortgagor, and his two sons, Frederick Bœster

and Henry Bœster, Jr., as subsequent purchasers, from the mortgagor, of the mortgaged premises.

Henry Bœster, the mortgagor, brings the case here by appeal.

Mr. P. E. Hosmer, for the appellant.

Mr. James A. Watts, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

The first error assigned, is the rejection as witnesses of the two subsequent purchasers of the mortgaged premises, Frederick and Henry Bœster, Jr., who were offered as witnesses to prove certain alleged payments on the mortgage.

The statute provides, that no party to a suit, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion or in his own behalf, when any adverse party sues as the executor or administrator of any deceased person, unless when called as a witness by such adverse party. Laws of 1867, p. 183. The persons here offered as witnesses were parties, and directly interested in the event of the suit—in the removal of a charge from their land; and the circumstance that they held warranty deeds, upon which they might have had a remedy over against their grantor in case of their suffering damage from the incumbrance of the mortgage, would not change the fact of their having a direct interest in the removal of the incumbrance, in whole or in part, from their land. We think the offered witnesses were properly excluded.

It is next assigned for error, that in making computation of the amount due, "credit of interest for 1868" is construed to mean interest due January 4, 1868, instead of interest due January 4, 1869. The computation was made by the master, on reference to him. No exception was taken to his report. The report does not appear in the record, but only the result of the master's computation in the statement of the amount due. We have no means of knowing the basis of his computation, and can not see that there is any foundation in fact for the alleged error.

It is lastly assigned for error, that the decree is erroneous, because it decrees that all rights of all the defendants be foreclosed, and then orders the sale of the land, when it should have been, that the mortgagor pay the amount found due, and, in default of payment, that the master sell the land, and if not redeemed, then all rights of the defendants be foreclosed. The mode suggested would have been the more formal one; but such is, substantially, the decree, as it is drawn. The statute provides for a redemption after a sale, and the decree is not to be construed as interfering with the statutory right of redemption after a sale.

Finding none of the alleged errors to be well assigned, the decree is affirmed.

*Decree affirmed.*