EDWARD F. ELWELL *et al.* Appellees, *vs.* T. P. HICKS *et al.*
Appellants.

*Opinion filed February 19, 1909.*

1. STATUTE OF FRAUDS—*contract cannot rest partly in writing
and partly in parol.* While parol evidence may be admitted to show
the consideration for a contract and acceptance by the signer and
to identify the party and property, yet the contract cannot rest
partly in writing and partly in parol.

2. SAME—*what is necessary to satisfy the statute affecting oral
contracts relating to land.* To satisfy the Statute of Frauds af-
fecting oral contracts relating to land the writing must contain the
names of the parties, the terms, price and description of the prop-
erty, either by recitals on their face or by reference to other writ-
ings wherein such facts are stated.

3. SAME—*what is not a sufficient written memorandum.* As
against a plea of the Statute of Frauds, a writing purporting to be
a receipt by the signer for an abstract of title to a certain described
lot "on exchange notes for deed" is not a sufficient written mem-
orandum to authorize proof of an oral contract by the signer to
accept a small sum of money and a quit-claim deed to the lot de-
scribed, in exchange for purchase money notes secured by a trust
deed on such lot.

4. WITNESSES—*when party to suit is not competent to testify as
agent of deceased person.* A party to a suit whose interest is ad-
verse to that of the complainant, who sues as administratrix of a
deceased person, is not competent, under section 2 of the Evidence
act, to testify, in behalf of himself and his co-defendants, to con-
versations with the deceased person, for whom he testifies he was
acting as agent, where he was not called upon by the administra-
trix to testify to any such conversations.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. LOCKWOOD HONORE,
Judge, presiding.

F. S. BAIRD, for appellants.

CASWELL & HEALY, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Mary K. Collins filed a bill in equity to foreclose a trust deed upon lot 1 in block 4, Gage & McKey's subdivision in block 9, Wright & Webster's subdivision of the north-east quarter of section 12, township 39, north, range 13, east, in Cook county, Illinois, which was given March 21, 1894, to secure three notes of $1100 each, due in one, two and three years and forty days, respectively, after date, with interest at six per cent per annum and to draw seven per cent after maturity. Thomas P. Hicks, Stephen P. Hicks and Frederick S. Baird were made parties defendant to the bill. Defendants answered the bill, admitting the execution of the notes and the trust deed, but alleged that on July 9, 1904, a verbal agreement was entered into with Mary K. Collins that Mrs. Collins should surrender the three $1100 notes for $33 in cash and a quit-claim deed of the defendants conveying to her the lot in question. The defendants below filed a cross-bill, in which they set up the verbal agreement referred to in their answer and alleged that they had duly executed the quit-claim deed and tendered the same, together with $33 in cash, to Mrs. Collins, and prayed that such verbal agreement might be decreed to be specifically performed. After the filing of the bill and before the cause came on for hearing Mary K. Collins died, and her administratrix was substituted as a party complainant. The cause was referred to a master in chancery, who, after hearing the evidence, found for complainant in the original bill and found the amount due to be $3965.20, and recommended a decree in favor of complainant in the original bill and a decree dismissing the cross-bill for want of equity. This report was confirmed by the trial court and a decree was entered in accordance therewith. Upon an appeal to the Appellate Court for the First District the decree of the circuit court was affirmed. Defendants in the original bill and complainants in the cross-bill below have prosecuted a further appeal to this court.

The evidence introduced before the master showed *prima facie* that appellees were entitled to a decree on the original bill. The only questions, therefore, involved on this appeal relate to appellants' rights under their cross-bill.

The evidence shows that Mary K. Collins was originally the owner of the premises involved, and that on March 21, 1894, she sold and conveyed the premises to appellant Thomas P. Hicks for $1800 in cash and three notes of $1100 each, which were secured by the trust deed the foreclosure of which is involved in this proceeding. On the same day that Mary K. Collins conveyed the premises to Thomas P. Hicks he conveyed one-third interest, each, to Stephen P. Hicks and Frederick S. Baird, appellants each becoming the owner of an undivided one-third of the premises subject to the trust deed, which each assumed and agreed to pay as part of the purchase money of the premises. An abstract of title was made out and left in the office of Frederick S. Baird, who is an attorney at law, until July 20, 1903, when he delivered the abstract of title to Mrs. Collins. At the time the abstract of title was delivered Frederick S. Baird prepared and Mrs. Collins executed the following receipt:

"*July 20, 1903.*

"Received of F. S. Baird abstract L. 1, Blk. 4, Gage & McKey's sub-div. Blk. 9, Wright & Webster's sub-div. of N. E. ¼ 12, 39, 13, from government to June 30, 1892, on exchange notes for deed.
Mrs. May K. Collins."

In the answer to appellants' cross-bill section 2 of the Statute of Frauds is set up and relied on as a defense to the specific performance of the alleged agreement relied on in the cross-bill. Appellants contend that the foregoing receipt is a sufficient written memorandum of the contract to meet the requirements of section 2 of the Statute of Frauds, and their assignment of error on the refusal of the court below to so hold is mainly insisted on here as a reason for a reversal.

We cannot agree with the view insisted upon by the appellants that this receipt is such a memorandum or note in writing of the alleged contract as the statute requires. While it is true that parol evidence may, under our statute, be received to show what the consideration for the contract is, and also for the purpose of proving an acceptance against the party who signed it and for identifying the party and property where the contract is ambiguous, yet the contract itself cannot rest partly in writing and partly in parol, but the writings must contain the names of the parties, the terms, price and description of the property, either by recitals on their face or by reference to other writings wherein such facts are stated. (Browne on Statute of Frauds,—2d ed.—sec. 372, et seq.; McConnell v. Brillhart, 17 Ill. 354; Cloud v. Greasley, 125 id. 313; Farwell v. Lowther, 18 id. 252; Wright v. Raftree, 181 id. 464.) The writing in question falls short of the requirements of the statute as the same has been construed in the foregoing decisions of this court. The writing relied on is a receipt, not for a part of the purchase money, followed by other particulars showing that the contract had, in fact, been made, as was the case with the receipt before this court in Ullsperger v. Meyer, 217 Ill. 262, but for an abstract to certain property therein described. The words "on exchange notes for deed," which appear immediately before the signature of Mary K. Collins, cannot be construed as sufficient evidence that Mary K. Collins had contracted to surrender three promissory notes, for $1100 each, in exchange for $33 in cash and a deed from appellants for the premises in question, which, in brief, is the contract set up in appellants' cross-bill. The words "on exchange notes for deed" are uncertain and ambiguous, requiring parol evidence not only identifying the parties, but to determine the relation of the parties to the transaction. No one could determine from these words whether Mary K. Collins was to receive from some other undisclosed party a deed for

notes or notes for a deed. In other words, it cannot be determined without the aid of extrinsic evidence whether Mary K. Collins was the seller or the buyer. Neither can anyone decide whether the "notes" are the notes in question or other notes to be executed by Mary K. Collins if she was the buyer, or by some other person to whom she was selling. Again, the premises are not identified in connection with the "deed" to be given. The receipt correctly describes the premises as in the trust deed, but this description shows merely what the abstract of title covers, but it can not be said that the deed which was to be given in exchange for notes was a deed for these premises. The writing relied on does not contain, by express words or fair intendment, the essential requirements of the statute.

But even if the memorandum could, by construction, be held to contain all of the requirements of the statute other than such as may be supplied by parol evidence, still appellants failed to establish their cross-bill by competent evidence. The only witnesses who testify in support of the cross-bill are Frederick S. Baird, Thomas P. Hicks, Maurice R. Bortree and Evelyn H. Carter. The two first named witnesses testify to a verbal agreement made by them with Mary K. Collins in the office of Frederick S. Baird on or about the 9th day of July, 1903, substantially as set out in the cross-bill. These persons being parties to the suit and interested therein were incompetent under section 2 of chapter 51 of Hurd's Revised Statutes of 1908, since the opposite party was suing in the original bill and defending in the cross-bill in her capacity as administratrix of Mary K. Collins, deceased. (*Boester* v. *Byrne,* 72 Ill. 466; *Loeb* v. *Stern,* 198 id. 371; *Richardson* v. *Hadsall,* 106 id. 476.) The competency of these witnesses was properly raised by appellees by objection before the master and insisted upon again in the circuit court.

The claim is made by appellants that the witness Baird was competent under the second exception to section 2 of

the statute above referred to. That exception is as follows: "When, in such action, suit or proceeding, any agent of any deceased person shall, in behalf of any person or persons suing or being sued, in either of the capacities above named, testify to any conversation or transaction between such agent and the opposite party or parties in interest, such opposite party or parties in interest may testify concerning the same conversation or transaction." The witness Baird stated in his examination before the master that he regarded himself as acting for both Mrs. Collins and Mr. Hicks in getting them there to his office and that he was acting as agent of both of them. The witness testified that by request of Mrs. Collins he notified Mr. Hicks and that the parties met at his office soon thereafter, when and where the conversation in regard to the exchange of the notes for a deed to the premises is alleged to have occurred. Even if the facts could be held to constitute Baird an agent for Mrs. Collins, still there is nothing in the second exception to section 2 that would render his testimony competent. He is not called by the administratrix to testify to a conversation between himself, as such agent, and the opposite party, but he is called by the opposite party in interest to testify to a conversation between himself and his principal. He was at the time of the trial, as well as at the time of the alleged interview with Mrs. Collins, interested equally with Hicks, and his interest was then, and still is, antagonistic to the interest of Mrs. Collins. It is difficult to believe that Mrs. Collins would constitute Baird her agent to transact business with Mr. Baird himself and his cotenants. The testimony of the witness Bortree, while competent, did not prove the making of the alleged contract. He testifies that at the request of F. S. Baird he called on Mrs. Collins and offered her a quit-claim deed to the premises involved and $33 in cash in exchange for the three $1100 notes, and that Mrs. Collins said that she had nothing to do with the matter,—that it was in the hands of her

attorney. This was on the 28th day of August, 1903, after the bill to foreclose the trust deed had been filed. The witness Evelyn H. Carter testifies that she met Mrs. Collins in the office of F. S. Baird about the first of July, 1903, and that there was a conversation there between Mr. Hicks and Mrs. Collins, but the witness does not remember anything that was said. It will thus be seen that the competent parol evidence wholly fails to establish any facts in support of the alleged agreement relied on by appellants in their cross-bill.

Finding no error in the judgment of the Appellate Court it will be affirmed.        *Judgment affirmed.*