HENRY F. HARTENBOWER *et al.* Appellees, *vs.* ELIZA UDEN *et al.* Appellants.

*Opinion filed December 22, 1909.*

1. STATUTE OF FRAUDS—*contract of sale, or some memorandum thereof, must be in writing.* The Statute of Frauds requires that a contract for the sale of land, or some note or memorandum thereof, shall be in writing, and while no particular form is necessary, yet the writing or writings must contain everything necessary to show the contract between the parties, so that there is no necessity for parol proof of any of the terms or conditions of the sale or the intention of the parties.

2. SAME—*deed itself is not a note or memorandum of contract.* A warranty deed in the usual form, prepared for execution by the defendants, which conveys certain described land but contains no conditions whatever nor any reference to the terms of the contract under which the deed was made, is not a note or memorandum of the contract; nor is a notice to the defendants to examine and execute the deed a note or memorandum of such contract.

3. SAME—*mere production of agent's written authority to sell is not sufficient.* Where the defendants to a specific performance proceeding plead the Statute of Frauds, complainants must produce a contract of sale, or some memorandum thereof in writing,

signed by the defendants, or some person thereunto lawfully authorized in writing signed by them; and it is not sufficient to produce a writing signed by the defendants giving an agent authority to sell the land at auction upon certain terms and agreeing to execute a deed to the purchaser.

4. SAME—*agent can make a contract only within terms of his authority.* If the written authority to an agent to sell land fixes the amount of the cash payment and the amount and date of the deferred payments, he has no authority to make a contract for a different cash payment or for deferred payments of different dates or amounts.

5. SPECIFIC PERFORMANCE—*when heirs cannot be compelled to execute deed.* Heirs who sign an agreement giving a person authority to sell certain land at auction upon terms specified, cannot, as against a plea of the Statute of Frauds, be compelled to execute a deed to a purchaser from such agent where there is no written contract or memorandum of the sale; and parol proof is not admissible to show that the sale was made by the agent at auction, upon the terms specified in his authority.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

William Patterson died intestate owning certain real estate in LaSalle county, and on October 16, 1908, his heirs executed the following writing:

"This agreement, made and entered into this sixteenth day of October, A. D. 1908, by and between Sarah Trout and A. B. Trout, her husband, Elizabeth Marsh and Henry C. Marsh, her husband, T. H. Patterson and Ella Patterson, his wife, Jane Hurton and Ebenezer Hurton, her husband, Mary Gardner and Fred Gardner, her husband, John Patterson and Rose Patterson, his wife, Eliza Uden and B. S. Uden, her husband, and Noah Patterson and Elnora Patterson, his wife, Marion Patterson, wife of Benjamin A. Patterson, parties of the first part, and Benjamin A. Patterson, party of the second part, (the said Sarah Trout, Elizabeth Marsh, T. H. Patterson, Jane Hurton, Mary Gardner, John Patterson, Eliza Uden, Noah Patterson and Benjamin A. Patterson being all and the only heirs-at-law of William Patterson, deceased):

"*Witnesseth,* that the parties of the first part, for the purpose of saving the expense of a partition sale of the lands hereinafter described, agree with the said second party as follows:

"*First*—That said second party may and shall offer for public sale, at auction, for cash, not later than December 15, 1908, the

following described real estate, to-wit: The west half (W. ½) of the north half (N. ½) of the north-east quarter (N. E. ¼) and the east half (E. ½) of the north-west quarter (N. W. ¼), all in section twenty-seven (27), township thirty-two (32), north, range two (2), east of the third principal meridian, in the county of LaSalle and State of Illinois.

"*Second*—That said parties of the first part will join with said party of the second part in the making, execution and delivery of a good and sufficient warranty deed for said above described premises to the purchaser or purchasers thereof at said sale.

"*Third*—That out of the proceeds of said sale said party of the second part shall first retain and pay all necessary expenses of such sale, including auctioneer's fees, expenses of advertising, abstract of title and a reasonable compensation to said second party for his time in advertising and making such sale; also that he shall retain out of the proceeds of such sale a sufficient sum to pay any and all unpaid claims allowed against the estate of William Patterson, deceased, as well as costs and expenses of administration of said estate.

"*Fourth*—That the purchaser or purchasers at said sale shall pay at least ten per cent (10%) of the purchase price cash in hand on the day of sale, and the balance thereof as soon as warranty deed conveying a good and merchantable title to said premises shall be tendered to such purchaser or purchasers.

"*Fifth*—That said parties of the first part will join with said party of the second part in the execution of a good and sufficient bond to such purchaser or purchasers in such a sum as will protect him or them against any unpaid claims which might be a lien against said premises, should such purchaser or purchasers require. Said party of the second part agrees that he will make distribution of the residue of the proceeds of such sale (after making the payments and deductions aforesaid) to the parties entitled thereto according to their respective rights and interests within.........
after final payment has been made by such purchaser or purchasers."

On December 12, 1908, Benjamin A. Patterson offered the land at public auction. Henry F. Hartenbower was the highest bidder therefor and the land was struck off to him but no written contract or memorandum of sale was made. On January 25, 1909, Benjamin A. Patterson served on appellants, Eliza Uden and Benjamin S. Uden, the following notice:

"*To Eliza Uden and B. S. Uden, her husband*—You and each of you will please take notice that the certain warranty deed dated the 19th day of December, 1908, to be executed by the heirs-at-law of William Patterson, deceased, conveying to Henry F. Hartenbower, for the consideration of $12,720, the west half of the north half of the north-east quarter and the east half of the north-west quarter, all in section 27, township 32, north, range 2, east of the third P. M., in LaSalle county, Illinois, (said deed being the same one this day presented to you and each of you for your signature and acknowledgment,) will be at the Tonica Exchange Bank, at Tonica, Ill., for a period of ten days from this date, for the purpose of giving you and each of you an opportunity of signing and acknowledging the same. If you fail to sign and acknowledge said deed within ten days from this date I shall commence a suit in the circuit court of LaSalle county, Ill., for the specific performance of the certain contract entered into on the 16th day of October, 1908, by and between said heirs-at-law of William Patterson, deceased, (you and each of you having signed said contract,) parties of the first part, and by myself, party of the second part, the costs of said suit and other damages to be recovered from you for your failure to execute said deed pursuant to said contract.

"Dated this 25th day of January, A. D. 1909.

BENJAMIN A. PATTERSON."

The deed mentioned in the notice was a statutory warranty deed from the heirs of William Patterson to Henry F. Hartenbower, conveying to him, for a consideration of $12,720, the land described in the notice. It was signed by all of the heirs except Eliza Uden. Benjamin A. Patterson asked her and her husband to sign it before serving the notice on them. She did not sign the deed, and on February 15, 1909, the appellees, Henry F. Hartenbower and Benjamin A. Patterson, filed their bill against her and her husband in the circuit court of LaSalle county, alleging the execution of the writing of October 16, 1908; the sale to Hartenbower; that Patterson presented to Hartenbower an abstract of title which was acceptable to him, and he is now ready and willing to pay the full purchase price on the presentation to him of a deed signed by all of the co-tenants; that a deed was prepared and signed by all the heirs except appellants but they refused to sign the same. The prayer of the bill was that the appellants be required

to join the other heirs of William Patterson in the execution of a proper deed of conveyance of said premises to said Hartenbower.

The appellants filed a plea setting up that there was no contract of sale in writing, nor was there any note or memorandum thereof in writing, signed by the defendants or by any person by them lawfully authorized, and claiming the benefit of the Statute of Frauds. Replication was filed, and upon the hearing the court rendered a decree that the appellants join with the other heirs of William Patterson in the execution of a proper deed of conveyance of said premises and deliver the same to Benjamin A. Patterson, who, upon receipt of the purchase money, shall deliver it to Hartenbower.

H. L. RICHOLSON, and R. A. GREEN, for appellants.

E. E. ROBERTS, and H. M. KELLY, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Statute of Frauds having been pleaded, it was necessary for the complainants to produce a contract, or some note or memorandum thereof in writing, signed by the defendants, or some other person thereunto by them lawfully authorized in writing signed by them. The authority of Benjamin A. Patterson sufficiently appears from the writing of October 16, 1908. It was not, however, a contract of sale. The statute further requires that the contract entered into for the sale of the land, or some note or memorandum thereof, shall also be in writing. (*Fletcher* v. *Underwood,* 240 Ill. 554; *Lasher* v. *Gardner,* 124 id. 441.) No particular form is necessary to constitute the memorandum required by the statute. An admission in writing of the making of the contract is sufficient, and the writing need not all be on one piece of paper. It is essential, however, that the writings contain everything necessary to show the contract between the parties, so that there be no need

of parol proof of any of the terms or conditions of the sale or the intention of the parties. The contract cannot rest partly in writing and partly in parol but the written memorandum must disclose all the terms. (*Doty* v. *Wilder,* 15 Ill. 407; *McConnell* v. *Brillhart,* 17 id. 354; *Farwell* v. *Lowther,* 18 id. 252; *Esmay* v. *Gorton,* id. 483; *Lasher* v. *Gardner, supra.*) The undelivered deed to Hartenbower executed by the heirs of William Patterson other than the defendants contains no conditions whatever and makes no mention of the terms of the contract under which it was made. It purports to be simply a conveyance of the land. It is no memorandum or note of the contract. *Kopp* v. *Reiter,* 146 Ill. 437; *Shovers* v. *Warrick,* 152 id. 355.

Neither is the notice that was served on appellants any memorandum or note of a contract of sale. That notice merely informed appellants that a deed which had been presented to them for execution, conveying the land in question to Henry F. Hartenbower for the consideration of $12,720, would be at the bank in Tonica for ten days to give them an opportunity to execute it, and that if they did not do so Benjamin A. Patterson would commence suit for the specific performance of the agreement of October 16, 1908, for costs and damages, for their failure to execute said deed pursuant to said contract. They had not agreed to execute this deed by the contract referred to. This notice did not state that Benjamin A. Patterson had made a contract for the sale of the lands or that Hartenbower had bought it. It does not, on its face, purport to relate to any contract of sale. The mere demand that the heirs execute a deed did not amount to evidence of a contract for the sale of the land. To satisfy the requirements of the statute it is essential that all the material terms and conditions of the contract appear in writing without the necessity of resorting to parol evidence. Leave out the parol evidence of the auction sale and there is no evidence in this record of any sale to Hartenbower.

If the notice were otherwise sufficient as a memorandum of a contract of sale to Hartenbower it is defective because it does not require the payment of ten per cent of the purchase money in cash on the day of sale. An owner of land has the right to prescribe the terms on which he will sell, and his agent has no authority to make a contract of sale on different terms from those prescribed. If the written authority to the agent to sell fixes the amount of the cash payment and the amount and date of the deferred payments, he has no authority to make a contract for a different cash payment or for deferred payments of different dates or amounts. (*Oliver* v. *Sattler,* 233 Ill. 536; *Monson* v. *Kill,* 144 id. 248; *Hoyt* v. *Shipherd,* 70 id. 309.) The deed shows that one of the heirs lived in Missouri and another in Oklahoma. The conveyance could not be made until after the sale was made and the name of the purchaser known. The authority was to sell for ten per cent cash and the balance on the delivery of a warranty deed. This authorized the making of a contract for sale for ten per cent cash and the balance in such reasonable time as might be required for the execution of the deed by all the parties. The notice contains no allusion to any such terms and nothing from which it can be inferred that any cash payment was to be made before the delivery of the deed. It is said by appellees that the evidence shows that a cash payment of ten per cent was made. It is not a question, however, of what may be proved by parol to have been done but what the written contract shows. The Statute of Frauds being pleaded, a contract or memorandum in writing must be shown. The writing authorized the agent to make a certain contract and the contract shown must be in conformity with the authority conferred. If it is not, then it is unauthorized and there is no contract or memorandum signed by any person lawfully authorized thereto.

The decree of the circuit court will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*