ELIZA UDEN, Appellee, *vs.* THOMAS PATTERSON *et al.* Appellants.

*Opinion filed December 21, 1911.*

1. PARTITION—*what admission by complainant does not bar a right to partition.* The admission by the complainant in a bill for partition of an allegation in the answer that at the time of the filing of the bill there was a judgment of record in the circuit court which had not been set aside, vacated or annulled, "and which judgment was an adjudication of the rights of complainant in this cause in the said real property complainant seeks to have partitioned," does not, of itself, show any bar to the relief sought.

2. SAME—*when co-tenant is entitled to demand partition notwithstanding agreement.* A co-tenant who has agreed with the others that one of their number shall be authorized to sell the real estate not later than a specified date is entitled to file a bill for partition if the land is not sold by the time agreed upon.

3. SAME—*moral wrong in refusing to be bound by verbal contract does not raise an estoppel.* Moral wrong on the part of a co-tenant in refusing to be bound by an oral contract authorizing one of the co-tenants to sell the land does not raise an estoppel against her right to demand partition after the time for making the sale has expired, notwithstanding her refusal to be so bound prevented the making of the sale within the time set by contract.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

ELMER E. ROBERTS, and H. M. KELLY, for appellants.

R. A. GREEN, and H. A. RICHOLSON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellee, Eliza Uden, filed her bill for partition in the circuit court of LaSalle county. Appellants answered her bill and filed a cross-bill. Appellee answered a part of the cross-bill and demurred to the remainder. On hearing, appellee conceded that all the facts stated in the answer of appellants to the original bill and in their cross-bill were true and correct, and no testimony was taken. The court dismissed the cross-bill, and upon the facts as admitted entered a decree for partition as prayed in the original bill. From this decree appellants have perfected this appeal.

The parties are all adults and all appeared personally in court. The bill is the ordinary bill for partition, setting up the death of the ancestor intestate, the description of the property of which he died seized, that appellee and appellants are the heirs-at-law, and praying for partition of the estate among them. The answer of appellants admitted the ownership of the real estate by the parties as tenants in common but denied that appellee was entitled to have the lands partitioned, "for the reason that at the time of the filing of said bill that a judgment had been entered in the circuit court of LaSalle county in connection with the said property, which judgment had not at any time been set aside, vacated or annulled, and which judgment was an adjudication of the rights of complainant in this cause in the said real property complainant seeks to have partitioned by her bill." The answer then sets up an agreement entered into by the tenants in common of said real estate and their

spouses on October 16, 1908, being the agreement involved in *Hartenbower* v. *Uden,* 242 Ill. 434. As it is there set out in full on pages 435 and 436 reference will be had to that case for its provisions. The answer then alleges that as appellant Benjamin A. Patterson made the sale provided for in the contract, and did, together with the other appellants, execute a warranty deed for the conveyance of the land to Hartenbower pursuant to said sale, and as appellee then refused to join in the execution of said deed, she is now estopped from seeking to partition the lands in question. The cross-bill, in addition to setting up the ownership of the realty and the collection and retention of the rents of said real estate by Benjamin Patterson from the death of the ancestor down to the time of the filing of the cross-bill, refers to the execution of the agreement of October 16, 1908; recites the making of a sale of the land by Benjamin Patterson under said agreement, the execution of a deed to the land by appellants and their spouses, and the refusal of appellee and her husband to execute the same; recites the filing of a bill for specific performance by Hartenbower and Benjamin Patterson against appellee, the decree of the circuit court of LaSalle county granting the relief prayed and the order of the Supreme Court reversing that decree, and prays that Benjamin Patterson be directed, under the agreement of October 16, 1908, to re-advertise the premises and make sale according to the terms of that agreement and distribute the proceeds among the tenants in common as therein provided.

Appellants contend (1) that Mrs. Uden could not maintain her bill because at the time it was filed the decree in the circuit court in the specific performance case had not been vacated, modified or set aside, because, as they claim, the remanding order of the Supreme Court had not then been filed in that case in the circuit court of LaSalle county; (2) that she is not entitled to the relief prayed because she had entered into a contract whereby it was agreed that no

partition should be made; (3) that she does not come into court with clean hands; (4) that the relief prayed for in the cross-bill should have been granted.

The answer does not in apt terms set up any former adjudication that would operate as a bar to this action. The only allegation in the answer relating to this subject is that above quoted. The cross-bill sets up the proceedings in the circuit court and the fact that the decree was reversed by this court in the case of *Hartenbower v. Uden, supra.* There is no allegation in the answer or cross-bill of a failure to file the mandate of this court in the *Hartenbower case,* and as there was no proof taken, this fact, if true, does not appear in the record. The allegation in the answer that a judgment had been entered in the circuit court in connection with this property and that it was an adjudication of the rights of the complainant in the said real estate did not state any matter that would operate as a bar to the filing of the bill herein, and the rights of Mrs. Uden were not affected, so far as that matter was concerned, by reason of her admission that all the facts stated in the answer and in the cross-bill were true and correct.

The contentions that appellee is not now entitled to a partition of this real estate because of the contract of October 16, 1908, and that she does not come into a court of equity with clean hands, cannot be sustained. It is true, as appellants contend, that equity will not award a partition at the suit of one in violation of his own agreement. The objection to partition in such cases is in the nature of an estoppel, (*Hill* v. *Reno,* 112 Ill. 154,) and that an agreement not to partition, though not expressed, would be readily implied and enforced if such implication proved necessary to secure a fulfillment of the agreement. (*Bissell* v. *Peirce,* 184 Ill. 60; *Ingraham* v. *Mariner,* 194 id. 269.) By the express terms of the agreement of October 16, 1908, Benjamin Patterson was directed to sell the real estate here sought to be partitioned not later than December 15, 1908.

The bill and cross-bill both allege, and the answer of appellants admits, that at the time the bill herein was filed, on December 27, 1909, the premises were still owned by appellee and appellants and were in the possession of Benjamin Patterson, and the cross-bill alleges that that situation still existed at the time of the filing of the cross-bill, on April 28, 1911. By the terms of said agreement the time in which Benjamin Patterson was authorized to sell the real estate expired on December 15, 1908, and the implied agreement not to partition said lands expired on that date. Benjamin Patterson having failed to make a sale of the lands before December 15, 1908, as he was directed and authorized to do by the terms of said agreement, any one of the tenants in common had the right, at any time thereafter, to file a bill for partition and secure a division of the property.

But it is urged that the refusal of appellee to execute the deed to Hartenbower at the request of Benjamin Patterson was such a fraud that she is now estopped to demand a partition of the lands. In *Hartenbower* v. *Uden, supra,* Mrs. Uden pleaded the Statute of Frauds, and it was held that she could not be required to specifically perform the parol contract entered into between Benjamin Patterson and Hartenbower. She had the right to avail herself of this defense, and in doing so she was guilty of no fraud which would operate as an estoppel to maintain the bill in this case. There must be something more than the mere moral wrong of refusing to be bound by a verbal agreement to raise such an estoppel. (*Koenig* v. *Dohm,* 209 Ill. 468.) "The moral wrong in refusing to be bound by a verbal agreement because it does not comply with the statute is not the fraud intended by this equitable principle. If it were, the statute would be rendered entirely nugatory." Pomeroy on Specific Performance of Contracts, 202; *Koenig* v. *Dohm, supra.*

What has been said disposes of the contention that appellants were entitled to the relief prayed in the cross-bill.

The action of the circuit court in granting the prayer of the original bill and in dismissing the cross-bill was proper, and the decree for partition is affirmed.

*Decree affirmed.*