## William J. Kennedy, Appellant, v. Harry Meyer and Harry M. Levinson, Appellees.

### Gen. No. 27,792.

1. FRAUDS, STATUTE OF—*authorization to agent to negotiate for lease as agreement for lease.* A written authorization from the owners to an agent to negotiate a ninety-nine-year lease, which does not confer any power upon such agent to enter into an agreement for such a lease, is not a sufficient memorandum in writing under the statute upon which to base a proceeding for the special performance of a contract to enter into a lease with complainant.

2. FRAUDS, STATUTE OF—*necessity for written contract as basis of suit for specific performance.* A bill for specific performance of an agreement to lease specified property to complainant for ninety-nine years on terms which are fully set out in the bill as having been orally agreed upon by the parties fails to show any enforceable agreement where it appears therefrom that the only agreement between the parties was an oral one not evidenced by any writing signed by the lessors and that the only writing is a letter, signed by the complainant only, accepting the terms and conditions of such proposed lease.

3. FRAUDS, STATUTE OF—*when defense may be raised by demurrer.* The defense of the statute of frauds may be interposed to a bill for specific performance of an agreement to enter into a lease with complainants by demurrer, where it appears from the face of the bill that the alleged contract relied upon by complainant is in violation of the statute.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed December 15, 1922. *Certiorari* denied by Supreme Court (making opinion final).

THOMAS F. BURKE, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellees; WALTER BACHRACH, of counsel.

MR. JUSTICE MORRILL delivered the opinion of the court.

Appellant filed his bill in the superior court of Cook county for the specific performance of an alleged agreement between himself and appellees for a lease of real estate in Chicago owned by appellees. A general demurrer to the bill was sustained and the bill dismissed for want of equity. Complainant has appealed from that decree.

The amended bill of complaint alleged, in substance, that on May 26, 1921, defendants were the owners of the real estate in question, and on that date authorized one Joseph O. Kaplan to negotiate a ninety-nine-year lease of said premises to complainant. The authorization was in writing, from which it appears that Kaplan was authorized to negotiate a ninety-nine-year lease for defendants on the property located at 6311-6315 South Halsted street at an annual rental of $15,000 per year net to the lessors, and upon the further condition that the lessee should pay $50,000 for the buildings on the ground, $25,000 in cash upon the signing of the lease and $25,000 within one year after date; that the proposed lessee should demise the store and basement at 6311 South Halsted street to the owners of the premises for ten years upon certain terms therein mentioned. This instrument was signed by defendants. The amended bill further charged that before defendants signed the authorization they insisted upon knowing the name of the party with whom Kaplan proposed to negotiate and were informed that the proposition would be submitted to complainant; that on May 27, 1921, the matter was presented to complainant by Kaplan and thereafter the defendants

met complainant and Kaplan in the latter's office June 6, 1921, and discussed the letter of negotiation, and it was then and there agreed that complainant would accept said proposition, and he was then and there ordered and directed by defendants to send them a letter of confirmation containing "modifications of said letter of negotiation."

It is further alleged that on June 13, 1921, complainant delivered to defendants a letter of that date in which he accepted the proposition for the leasing of the premises in question in accordance with the authorization to Kaplan of May 26, 1921, but with modifications thereafter agreed upon between him and defendants June 6, 1921. The letter then set forth the conditions of the proposed lease for the term of ninety-nine years, beginning May 1, 1922, at a rental of $15,000, payable quarterly; the proposed payment by lessee of general and special taxes from the date of the lease; an agreement for the purchase of the buildings on the ground for $50,000—$25,000 to be paid upon the signing of the lease and the balance to be paid as follows: $12,500 on May 1, 1923, and $12,500 on May 1, 1924, with interest on deferred payments at six per cent per annum; a further agreement to lease to complainant a store and basement at 6311 South Halsted street for ten years at a monthly rental of $650, the lessor to furnish heat and hot water during the term; and an agreement to enter into and execute a ninety-nine-year lease with appellees in the usual form in use in the City of Chicago, and a requirement that defendants should enter into and execute a ten-year lease as aforesaid in the usual form in use in the City of Chicago for the store and basement now occupied for the conduct of their shoe business.

The amended bill of complaint further alleged that the modifications contained in the letter of June 13, 1921, had been suggested and dictated by defendants, who had agreed that they should be incorporated in

the lease, and that upon the delivery of said letter, defendants accepted all the terms and conditions contained therein; that complainant prepared a ninety-nine-year lease in conformity with said letter of June 13, 1921, but before the same was presented to defendants they notified complainant that they would not execute any lease upon the premises in question, giving no reason for their refusal so to do. The bill further alleged that complainant had expended large sums of money in improvements upon the premises and was ready and willing to comply with the terms mentioned in the letter of June 13, 1921, but that defendant Levinson had refused to comply with said agreement and told complainant that all negotiations were at an end. The bill prayed for a specific performance of the agreement between the parties and that defendants be required to make a good and sufficient lease in conformity with said agreement, the complainant being ready, able and willing to perform on his part, and for general relief.

It is alleged that the trial court erred in sustaining the general demurrer of the defendants to the amended bill of complaint, for the reason that the proposal and acceptance mentioned in the bill constitute a binding contract, which embraces all the terms essential to the lease; that the agreement of June 13, 1921, is clear, certain and unambiguous, untainted with fraud or undue advantage, and that it would be unjust to deny complainant specific performance.

It is contended by appellant, who was complainant below, that specific performance of an agreement to execute a lease will not be denied where the agreement accurately describes the premises to be demised, specifies a definite rental and a definite term for the duration of the lease. These are the essential elements of a lease, as was determined in the case of *Bournique v. Williams*, 225 Ill. App. 12. The decision in the *Bournique* case is not applicable to the case at bar, for

the reason that in the former case there was a valid written agreement for a lease signed by both parties. In the present case no such agreement appears. The letter of May 26, 1921, from appellees to Kaplan authorized the latter to negotiate a ninety-nine-year lease, but conferred no power upon him to enter into any agreement for such a lease. It must be strictly construed. *Jones v. Howard*, 234 Ill. 404.

The allegations of the bill show that if there was ever any agreement for a lease from appellees to appellant, it was made orally in the course of the conversation between the parties, and is not evidenced by any writing whatever signed by appellees. The letter of June 13, 1921, from appellant to appellees was signed by appellant only and was not signed by the parties sought to be charged, and therefore cannot be regarded as a written note or memorandum sufficient to take the case out of the statute of frauds. In other words, the alleged agreement rested partly in writing and partly in parol, and no action can be maintained thereon under the statute. *Elwell v. Hicks*, 238 Ill. 170; *Cloud v. Greasley*, 125 Ill. 313; *Hartenbower v. Uden*, 242 Ill. 434.

It is also contended that appellees cannot avail themselves of the statute of frauds by a demurrer. In the present case it appears affirmatively from the face of the amended bill of complaint that the alleged contract between the parties was in violation of the statute of frauds, and therefore the defense may be interposed properly by demurrer. *Dicken v. McKinley*, 163 Ill. 318; *Gary v. Newton*, 201 Ill. 170.

There are no allegations in the amended bill of complaint which will justify the conclusion that there was a part performance of the agreement so as to render the statute of frauds inoperative.

The decree of the superior court is affirmed.

*Affirmed.*

BARNES, P. J., and GRIDLEY, J., concur.