Edna Nietfeldt, Hilda Koelling, Milton Nietfeldt, Executor of the Clarence Stuenkel Estate, and Edna Nietfeldt, Administrator of the Estate of Walter G. Stuenkel, Deceased, Plaintiffs-Appellants, v. Neatus Wilson, Defendant-Appellee.

Gen. No. 64–63.

Third District.

April 8, 1965.

373

Clinton & Tongren, of Peotone, for appellants.

Dunn, Stefanich, McGarry & Kennedy, of Joliet, for appellee.

ALLOY, P. J.

This is an appeal from the Circuit Court of Will County following an order of said court allowing a motion to dismiss the complaint filed by plaintiffs. The action was brought by Edna Nietfeldt, Hilda Koelling, Milton Nietfeldt, executor of the Clarence Stuenkel estate, and Edna Nietfeldt, administrator of the estate of Walter G. Stuenkel, deceased, as against Neatus Wilson, defendant, for damages for breach of contract to purchase certain real estate in Peotone, Illinois. The real estate consisted of a bowling alley and equipment and was owned by Walter G. Stuenkel, deceased, during his lifetime. The complaint in this action is based upon a written offer which plaintiffs contend constituted an offer to purchase the premises for $101,100. It further recites that plaintiffs are the sole heirs of Walter G. Stuenkel, deceased, and that Edna Nietfeldt is also administrator of the estate of said Walter G. Stuenkel, deceased. The complaint also recites that the offer to purchase was made by defendant subsequent to a sale of real estate pursuant to order of the Probate Court of Will County, Illinois, to pay the debts of said decedent and prior to the hearing in the Probate Court on a petition to approve the sale of the property for $82,000. It is also recited that the offer to purchase was accepted by all of the plaintiffs.

The complaint also alleges that defendant delivered a certified check in the sum of $20,000 to the authorized representative of plaintiffs but refused to en-

dorse the same until all papers in connection with the sale of said property were prepared pursuant to his offer; that all of the plaintiffs were willing and able to sell the property to defendant but that said defendant without the consent of plaintiffs or their authorized representative took possession of said certified check which was laying on the desk of the attorney and agent for one of the plaintiffs and subsequently refused to return the check and refused to complete the purchase of the property referred to. It is alleged that plaintiffs were thereafter required, through the administrator of the estate of Walter G. Stuenkel, deceased, to obtain an order of the Probate Court approving the sale of the property for $82,000 and at a loss to the estate and damage to plaintiffs by reason of the failure of defendant to complete the purchase of $19,000 for which sum they demand judgment as against defendant.

The document upon which the complaint is predicated was in the following form:

"STATE OF ILLINOIS ⎫
 ⎬ SS.
COUNTY OF WILL ⎭

In The Probate Court of Will County

EDNA NIETFELDT, Administrator of the Estate of WALTER G. STUENKEL, Deceased,
Plaintiff,

vs.

HILDA KOELLING, CLARENCE STUENKEL, KENNETH F. HAVERT, Trustee, and BRUNSWICK AUTOMATIC PINSETTER CORP.,
Defendants.

375

## OFFER TO PURCHASE

The undersigned, Neatus Wilson, hereby offers to purchase the real estate described as:

(here legal description was set forth)

under the following terms and conditions:

(a) Purchase price to be the sum of One Hundred One Thousand One Hundred Dollars ($101,-100.00).

(b) Purchaser to be furnished with Chicago Title and Trust current policy showing merchantable title in the amount of the purchase price.

(c) From the purchase price above noted, purchaser will take credit for the unpaid balance due Brunswick Automatic Pinsetter Company, and will furnish the Administrator good and sufficient substitution of liability with respect to said obligation, a copy of proposed form of substitution of liability tendered herewith accompanied by letter from Brunswick Automatic Pinsetter Company agreeing to execute the same upon approval of Court of sale to the undersigned. Pro-ration of 1960 taxes to be allowed to purchaser as of date of delivery of deed in possession.

(d) Administrator shall also deliver bill of sale to any fixtures and inventory to make a complete operating bowling alley with pins, balls and other bowling equipment which is now part of said bowling alley.

(e) Purchaser tenders in accordance with order of the Court certified check for Twenty Thousand Dollars ($20,000.00).

(f) As part of this offer, possession of said premises must be delivered on or before September 1, 1960.

376

Purchaser agrees to pay the balance of purchase price upon production of a preliminary report of title issued by Chicago Title and Trust Company as proposed in Administrator's petition to sell and approval of the Court of said sale and tender of good and sufficient deeds and bills of sale.

/s/ Neatus E. Wilson."

A motion to dismiss the complaint was filed by the defendant setting forth substantially that the offer to purchase on its face was an offer to purchase presented to the Probate Court of Will County and not to the plaintiffs in the cause; that the complaint on its face shows that the aforesaid offer to purchase was never approved by the Probate Court of Will County, Illinois; that the complaint does not allege that the defendant was ever ordered by the Probate Court of Will County to perform any alleged contract for purchase of real estate described in the complaint or that notice was given to plaintiff by the Probate Court to complete the alleged contract, which court order or approval or notice is a condition precedent to an order for resale or a suit for damages; and that the complaint does not allege the existence of any contract, memorandum or note in writing signed by the defendant or someone authorized by him to do so between defendant and the plaintiffs in the action concerning purchase and sale of the real estate described in plaintiffs' complaint. Following hearing on such motion to dismiss the Circuit Court of Will County dismissed the complaint at plaintiffs' cost.

■■ On appeal in this court, plaintiff advances the theory that the complaint states a valid cause of action for breach of contract; that the written offer to purchase on its face shows a valid offer to purchase the property and that the complaint alleges an acceptance of the offer by plaintiffs, a valuable con-

377

sideration, and all of the other requirements of a valid contract. Defendant contends that plaintiffs' complaint did not satisfy section 2 of chapter 59 of Illinois Revised Statutes (1963 Ill Rev Stats, c 59, § 2—Statute of Frauds) which provides that no action may be brought to charge any person upon any contract for sale of lands unless the contract or some memorandum or note thereof is in writing and signed by the person to be charged therewith or some other person thereunto by him lawfully authorized in writing, signed by such party. Defendant points out that to satisfy this section of the Statute of Frauds there must be a contract, memorandum or note in writing signed by the party to be charged, containing the names of the parties, the terms, consideration, description of the property and evidencing an intention of the parties to contract with each other. In this connection it is pointed out that where an offer, which by a reasonable interpretation of its terms, is limited to a particular person or persons, it cannot be accepted by anyone other than that person or persons. It is also conceded that while a memorandum complying with the statute may have been prepared for some purpose other than evidence of the contract, to satisfy the Statute of Frauds, it must admit existence of the contract and evidence of the intention of the parties to contract with each other (Lipkin v. Koren, 392 Ill 400, 406–407, 64 NE2d 890).

The basic question before us is whether the document designated as an offer to purchase is a sufficient memorandum or writing to comply with the section of Statute of Frauds referred to and the interpretations relating thereto. While the defendant signed the offer to purchase and the offer also contained a sufficient description of the real estate, there is nothing in the offer to indicate that the plaintiffs in the action are the vendors of land under any agreement undertaken be-

tween the plaintiffs in this case and defendant. The so-called offer was in the nature of a pleading to the Probate Court of Will County. The offer is also conditioned by several of its terms on prior approval by the Probate Court of a sale to the defendant. As far as the complaint discloses, the offer of defendant was made after the particular property had been sold subject to court approval for $82,000 to pay the debts of the decedent, and prior to hearing on petition to approve that sale. The complaint and the document signed by defendant discloses that the offer to purchase the real estate was made pursuant to an order of the Probate Court for sale of real estate to pay debts and is actually an offer to purchase made to the Probate Court which presumably was treated as the real vendor with the sole power to accept or reject (Farmers & Mechanics Bank v. Griffith, 352 Ill 323, 327, 185 NE 854; Ehrgott v. Seaborn, 363 Ill 292, 296, 2 NE2d 99). Nothing in the memorandum or the complaint indicates that there was any written offer to purchase from the plaintiffs.

██ ██ While it is tempting to invoke "fireside equities" to reach a different result, we are bound by many precedents adjudicating similar problems. To satisfy the Statute of Frauds and interpretive precedents, a memorandum or note in writing must state who are the parties to the contract, either by naming them, or by so designating or describing them, that they may be recognized or identified without reasonable doubt or dispute (Elwell v. Hicks, 238 Ill 170, 171–3, 87 NE 316; Kohlbrecher v. Guettermann, 329 Ill 246, 248–250, 160 NE 142). In the case before us we have an offer to purchase signed by defendant prepared as a pleading in the Probate Court. While the names of the plaintiffs, with the exception of Edna Nietfeldt individually, are admittedly contained in the writing, nothing in the instrument indicates that they

are the vendors to whom the offer was made. As the complaint was framed, on the basis of the document on which it was predicated, it was obvious that the Probate Court of Will County would have been required to receive extensive parole evidence to explain it, which procedure would have been inconsistent with the precedents in this state as to the requirements of a binding offer (Elwell v. Hicks, supra; Kohlbrecher v. Guettermann, supra).

The Circuit Court of Will County concluded that there was no document in writing signed by defendant evidencing an intention on his part to contract with the plaintiffs concerning the purchase and sale of the real estate. This determination is consistent with the record in the cause. The judgment of the Circuit Court of Will County will, therefore, be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.